IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. ____________________

CASEY WINTER, on behalf of himself
and all others similarly situated,

Plaintiff,

v.

RUSSELL CELLULAR, INC.,

Defendant.

*Jury Trial Demanded*

---

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT
AND JURY DEMAND ENDORSED HEREON**

---

Now comes Plaintiff, Casey Winter, by and through undersigned counsel, and for his Complaint against Defendant Russell Cellular, Inc., states and alleges the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its hourly, non-exempt employees, including Plaintiff and other similarly situated employees, wages for all hours worked, including overtime compensation at the rate of one and one-half times their regular rate of pay for all the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff also brings this action as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Colorado Wage Claim Act, Colo. Rev. Stat. § 8-4-101, *et seq*. ("CWCA"), and the Colorado Overtime and Minimum Pay Standards Orders ("COMPS"), 7 C.C.R. 1103-1 (together, "Colorado Wage Laws").

**JURISDICTION AND VENUE**

3. This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et seq*.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are so related to the FLSA claims as to form part of the same case or controversy.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District, and a substantial part of the events and omissions giving rise to the claims occurred in this District.

**PARTIES**

6. At all material times, Plaintiff was and is a resident of Lincoln County, Colorado, and was employed by Defendant in Lincoln County, Colorado.

7. At all material times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e), Colo. Rev. Stat. § 8-4-101(5), and 7 C.C.R. 1103-1.

8. At all material times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

9. At all material times, Defendant was and is a corporation organized under the laws of Missouri, which does business in Colorado. Defendant may be served with process by serving its registered agent and/or authorized representative of service of process in the State of Colorado: Corporation Service Company, 1900 West Littleton Boulevard, Littleton, Colorado 80120.

10. At all material times, Defendant was and is an employer within the meaning of 29 U.S.C. § 203(d), Colo. Rev. Stat. § 8-4-101(6), and 7 C.C.R. 1103-1.

11. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r).

12. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), and has enjoyed yearly gross revenue in excess of $500,000.

13. Plaintiff's written consent to this action is attached hereto as Exhibit 1.

14. Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

15. Defendant is an independently owned and operated Verizon Authorized Retailer with approximately 750 retail stores across 43 states where it sells Version wireless cellular service and internet plans, and portable wireless devices.

16. At each of its retail store locations, Defendant employs full-time hourly employees, including hourly store managers, assistant managers, sales representatives

(wireless specialists), and customer support specialists (customer service representatives).

17. From approximately July 14, 2024 through January 14, 2025, Plaintiff was employed by Defendant as a full-time hourly employee at Defendant's retail store located in Limon, Colorado. Specifically, Plaintiff worked as an hourly store manager.

18. Plaintiff and other similarly situated employees at Defendant's various retail store locations had substantially similar job duties and/or responsibilities and were subjected to the same policies and procedures.

19. Defendant uniformly applied its pay policies, practices, and procedures to all its hourly store employees at each of its retail store locations.

20. Defendant classified Plaintiff and other similarly situated as non-exempt employees.

21. Defendant paid Plaintiff and other similarly situated employees an hourly wage.

22. Plaintiff and other similarly situated employees were regularly scheduled to work 40 hours or more per week, but regularly worked more than 40 hours per week.

**(Failure to Pay for All Hours Worked)**

23. Defendant had/has a companywide practice and policy of requiring its hourly employees at its retail stores to come to work early and perform various unpaid pre-shift work before their scheduled start times and leave work late and perform various unpaid post-shift work after their scheduled stop times.

24. Defendant paid Plaintiff and other similarly situated employees only for work performed between their scheduled start and stop times, regardless of when they clocked in or clocked out.

25. The pre and post-shift work Defendant required Plaintiff and other similarly situated employees to perform included but is not limited to: opening the store; closing the store; cleaning the store; vacuuming the store; taking out the trash; logging into computers; checking emails; checking performance indicators; counting the drawer, and taking care of customers who stay after the store closes.

26. Defendant did not pay Plaintiff and other similarly situated employees for the time they were required to spend performing this pre-shift and post-shift work.

27. Plaintiff and other similarly situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

28. Defendant knew Plaintiff and other similarly situated employees performed this unpaid work because Defendant required them to perform it and supervisors observed them performing it.

29. This unpaid work performed by Plaintiff and other similarly situated employees was practically ascertainable to Defendant.

30. There was no practical administrative difficulty in recording this unpaid work of Plaintiff and other similarly situated employees. It could have been precisely recorded for payroll purposes simply by allowing them to clock out after they performed the aforementioned pre- and post-shift tasks.

31. This unpaid work performed by Plaintiff and other similarly situated employees constituted a part of their principal activities, was required by Defendant and was performed for Defendant's benefit.

32. Plaintiff estimates that, on average, he and other similarly situated employees spent approximately 20 to 40 minutes per day performing this unpaid work.

**(Failure to Pay Overtime Compensation)**

33. The time Plaintiff and other similarly situated employees spent performing the unpaid pre- and post-shift work referenced above was in addition to the 40 or more hours they regularly worked during their scheduled shift each week, and thus, constituted overtime hours worked, for which they were/are entitled to overtime compensation at a rate of one and one-half times their regular hourly pay rate.

34. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees were not compensated for all of the time they worked, including all of the overtime hours they worked over 40 each workweek.

**(Defendant Willfully Violated the FLSA and the Colorado Wage Laws)**

35. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA and the Colorado Wage Laws.

36. Defendant knew and otherwise showed reckless disregard as to whether its conduct in failing to properly pay Plaintiff and other similarly situated employees for the unpaid work referenced above violated the law.

37. Defendant had/has a common practice and policy of requiring Plaintiff and other similarly situated employees to perform the unpaid work referenced above and not compensating them for time spent performing such work.

38. Defendant knew that Plaintiff and other similarly situated employees were performing the unpaid work because Defendant required them to perform it and supervisors observed them performing it.

39. Defendant, who determined the work schedules of Plaintiff and other similarly situated employees, also knew that the time Plaintiff and other similarly situated employees spent performing such unpaid work was in addition to the 40 hours or more that Defendant scheduled them to work, and thus, knew that Plaintiff and other similarly situated employees should have been paid overtime compensation for such unpaid work.

40. Defendant knew or should have known that its policies and practices violate the law, and Defendant did not make and have not made a good faith effort to comply with the FLSA. Rather, Defendant knowingly, willfully, and/or with reckless disregard of the law has carried out its unlawful pattern, practice, and policy of not paying Plaintiff other similarly situated manufacturing employees for all hours worked. Defendant's method of paying Plaintiff and other similarly situated employees was not based on a good faith and reasonable belief that its conduct complied with the law.

41. Upon information and belief, Defendant failed to make, keep and preserve accurate records of all of the unpaid work performed by Plaintiff and other similarly situated employees.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

43. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All current and former full-time non-exempt hourly employees employed by Russell Cellular, Inc. at one or more of its retail store locations in the United States at any time between three (3) years prior to the filing of this suit and the present. ("FLSA Collective Class").

44. Plaintiff is unable, at this time, to state the exact size of the potential class, but upon information and belief, it consists of more than 1,000 individuals.

45. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

46. The similarly situated employees are known to Defendant and are readily identifiable through its payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively

adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

47. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other members of the class defined as:

> All current and former full-time non-exempt hourly employees employed by Russell Cellular, Inc. at one or more of its retail store locations in the state of Colorado at any time between three (3) years prior to the filing of this suit and the present. ("the Colorado Class").

48. The Colorado Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Colorado Class, but upon information and belief, avers that it consists of at least 100 individuals.

49. There are questions of law or fact common to the Colorado Class, including but not limited to the following: (a) whether Defendant failed to pay overtime compensation to its full-time non-exempt hourly employees for hours worked in excess of 40 each workweek; and (b) what amount of monetary relief will compensate Plaintiff and other members of the Colorado Class for Defendant's violation of the Colorado Wage Laws, Colo. Rev. Stat. § 8-4-101, *et. seq*., 7 C.C.R. 1103-1.

50. The claims of the named Plaintiff, Casey Winter, are typical of the claims of other members of the Colorado Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of the other Colorado Class members.

51. The named Plaintiff, Casey Winter, will fairly and adequately protect the interests of the Colorado Class. His interests are not antagonistic to, but rather are in unison with, the interests of the other Colorado Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Colorado Class in this case.

52. The questions of law or fact that are common to the Colorado Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Colorado Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

53. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Colorado Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Colorado Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE

### (Violations of Fair Labor Standards Act)

54. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

55. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all work performed each day violates the FLSA, 29 U.S.C. §§ 201-219 and 29 CFR § 785.24.

56. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violates the FLSA, 29 U.S.C. § 207 and 29 CFR § 785.24.

57. Defendant's actions and/or omissions were not in good faith.

58. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

59. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

**COUNT TWO**

**(Violations of the Colorado Wage Laws)**

60. Plaintiff, on behalf of himself and the Colorado Class, realleges and incorporates by reference the foregoing allegations as if fully rewritten herein.

61. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all work performed each day violates the Colorado Wage Laws, Colo. Rev. Stat. § 8-4-101, *et. seq*., 7 C.C.R. 1103-1.

62. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their

regular rate of pay for all of the hours they worked over 40 in a workweek violates the Colorado Wage Laws, Colo. Rev. Stat. § 8-4-101, *et. seq*., 7 C.C.R. 1103-1.

63. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the Colorado Wage Laws, Colo. Rev. Stat. § 8-4-101, *et. seq*., 7 C.C.R. 1103-1.

64. Defendant's actions and/or omissions were not in good faith.

65. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the Colorado Wage Laws.

66. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the Colorado Wage Laws, including the CWCA and the COMPS.

## **PRAYER FOR RELIEF**

67. WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

a. Issue an order permitting this litigation to proceed as a collective action;

b. Order prompt notice to all class members that this litigation is pending and that they have the right to "opt in" to this litigation pursuant to 29 U.S.C. § 216(b);

c. Issue an order certifying the Colorado Class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

d. Award Plaintiff and the classes he represents actual damages for unpaid wages;

e. Award Plaintiff and the classes he represents statutory liquidated damages under the FLSA and the Colorado Wage Laws;

f. Award Plaintiff and the classes he represents pre- and post-judgment interest at the statutory rate;

g. Award Plaintiff and the classes he represents attorneys' fees, costs, and disbursements; and

h. Award Plaintiff and the classes he represents further and additional relief as this Court deems just and proper.

## **JURY DEMAND**

68. Pursuant to their rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

Respectfully submitted,

*/s/ Matthew S. Grimsley*
Matthew S. Grimsley (OH 0092942)
Anthony J. Lazzaro (OH 0077962)
Lori M. Griffin (OH 0085241)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Telephone: 216-696-5000
Facsimile: 216-696-7005
matthew@lazzarolawfirm.com
anthony@lazzarolawfirm.com
lori@lazzarolawfirm.com

Attorneys for Plaintiff